THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Elizabeth Marie Johnson,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-188 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Elizabeth Johnson appeals the denial of her application for supplemental security income (SSI) benefits under the Social Security Act (Act).[1] After careful review of the entire record along with the parties' briefs,[2] the court finds the Commissioner's decision to be legally sound and supported by substantial evidence. Therefore, for the reasons set forth herein, the court denies Plaintiff's Motion for Review of Agency Action.[3]

## BACKGROUND

　　　　Ms. Johnson applied for SSI in October 2021 alleging disability beginning July 26, 1997. Plaintiff appeared and testified at hearing held on July 25, 2023. She was represented by counsel at the hearing and an impartial vocational expert (VE) also testified at the hearing. Shortly thereafter, on April 29, 2024, an Administrative Law Judge (ALJ) issued a written decision denying Plaintiff's disability claim.[4]

---

[1] 42 U.S.C. § 405(g).

[2] ECF No. 10, Plaintiff's Motion for Review of Agency Action; ECF No. 13, Defendant's Response; ECF No. 14, Plaintiff's Reply.

[3] ECF No. 10.

[4] Certified Transcript of Administrative Record (Tr) 10; ECF No. 9-2.

As set forth in the ALJ's decision, at Step 2 of the sequential evaluation process, the ALJ found Plaintiff had the severe impairment of endometriosis.[5] At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.[6] Between Steps 3 and 4, the ALJ determined Ms. Johnson's Residual Functional Capacity (RFC) to be "medium work" with additional elements.[7]

At Step 4 the ALJ found Plaintiff had no past relevant work. Ms. Johnson was 24 years old on the date the application was filed. She briefly tried working as a nanny, but she did not earn enough money, or work long enough, for it to be considered substantial gainful activity and be considered at Step 4. At Step 5, based on the vocational expert's testimony at the hearing, along with Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff capable of performing the representative occupations of dining room attendant, kitchen helper, and cook helper. Accordingly, the ALJ determined Plaintiff was not disabled under the Act. This appeal then followed.[8]

---

[5] In determining whether an individual is disabled, the ALJ utilizes a five-step sequential evaluation process. This includes whether:

> 1) the claimant is engaged in substantial gainful activity;
>
> 2) the claimant has a severe medically determinable physical or mental impairment;
>
> 3) the impairment is equivalent to an impairment precluding substantial gainful activity as set forth in the appendix of the relevant disability regulation;
>
> 4) the claimant has the residual functional capacity to perform past relevant work; and
>
> 5) finally, whether the claimant has the residual functional capacity to perform other work in the national economy, considering a claimant's age, education, and work experience.

*See* 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *Williams v. Bowen*, 844 F. 2d 748, 750-51 (10th Cir. 1988).

[6] Tr. 16. Citations to the record before the court are to the bottom of the page.

[7] This includes the ability to lift up to 50 pounds occasionally, lift/carry up to 25 pounds frequently, never climb ladders, ropes or scaffolds, occasionally climb ramps or stairs, frequently balance, stoop, kneel, crouch, and crawl. The ALJ also found Plaintiff "capable of simple, routine, tasks due to potential effect of pain and medication side effects." Tr. 16.

[8] The parties consented to the jurisdiction of the undersigned with appeal directly to the United States Court of Appeals for the Tenth Circuit. ECF No. 6. *See* DUCivR 72-4.

## LEGAL STANDARDS

Because the Appeals Council denied review, the ALJ's decision is the final agency decision.[9] The court examines the ALJ's decision to determine whether it is free from legal error and supported by substantial evidence.[10] The court, however, may not "reweigh the evidence nor substitute [its] judgment for that of the agency."[11] "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations."[12] This evidentiary requirement is "not high."[13] Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14]

## DISCUSSION

On appeal, Ms. Johnson raises two claims of error. First, the ALJ erred by failing to properly analyze the impact of Plaintiff's endometrial pain on her RFC assessment. And second, the ALJ erred in evaluating the opinion of Ms. Johnson's provider Dr. Charles Canfield.

I.   **The ALJ Properly Evaluated Plaintiff's Allegations Regarding Endometrial Pain**

Plaintiff challenges the ALJ's evaluation of her endometrial pain. Plaintiff points to SSR 16-3p[15], which outlines a two-step process when evaluating symptoms such as pain, arguing the ALJ failed to follow this process.

---

[9] *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

[10] *See Wall*, 561 F.3d at 1052.

[11] *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

[12] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (brackets and internal quotation marks omitted).

[13] *Id.*

[14] *Id.* (internal quotation marks omitted).

[15] This is codified in 20 C.F.R. § 416.929.

Under SSR 16-3p an ALJ must first determine whether an individual has a "medically determinable impairment that could reasonably be expected to produce … symptoms, such as pain. [S]ymptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect [the] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present."[16] Second, the ALJ then considers "the intensity and persistence of … symptoms, such as pain, [in] determining the extent to which [the] symptoms limit [one's] capacity for work."[17] In evaluating the intensity and persistence of symptoms such as pain, an ALJ is to "consider all of the available evidence", including the medical history, medical signs, laboratory findings, and an individual's statements about the effect of symptoms. Importantly, as set forth in the regulations, a plaintiff's

> statements about … pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.[18]

Here the ALJ found Ms. Johnson had the severe impairment of endometriosis. In making this finding the ALJ noted Plaintiff's claims of pain in her "pelvic floor, back and other areas due to her condition"[19] and the limitations expressed in her function report. Having determined that Plaintiff had a medically determinable impairment after considering the medical evidence, the ALJ went on to discuss the medical record and history in considering the intensity and

---

[16] 20 C.F.R. § 416.929.

[17] *Id.*

[18] *Id.*

[19] Tr. 17.

persistence of symptoms. The ALJ noted Plaintiff's use of hydrocodone, medical marijuana, and the "reported side effects of drowsiness, poor attention, and problems concentrating to complete tasks."[20] Ms. Johnson's struggles with weaning off of opioids to medical marijuana including in early 2022, when Plaintiff was "tearful and sorrowful, reporting frustration" with the process. The ALJ also noted inconsistencies in the record between Plaintiff's testimony and her reports to providers. For example, at the hearing Ms. Johnson testified she did not take care of her grandparents.[21] The record, however, reflects Plaintiff telling providers that "I've been taking case of my grandparents for the last year, so I've been doing telehealth"[22] The ALJ also considered other statements made by Plaintiff to her provider Dr. Charles Canfield. In March 2022, Plaintiff reported that "I'm doing okay, just working on the disability process."[23] Of this visit, Dr. Canfield further noted that Ms. Johnson "knows that she doesn't qualify, but has to go through the applications to enroll in other programs."[24] At other visits Ms. Johnson reported "I feel so good and I am hopeful"[25] and "My disability is asking for a musculoskeletal assessment, but that's not really my problem."[26]

After setting forth this evidence along with other evidence in the record, the ALJ concluded the record "fails to support the degree of limitations and severity of symptoms alleged."[27] This is the type of analysis that is required by the regulations and under Tenth Circuit

---

[20] Tr. 18.

[21] Tr. 43.

[22] Tr. 385, 391.

[23] Tr. 338.

[24] Tr. 338.

[25] Tr. 533.

[26] Tr. 518.

[27] Tr. 19.

precedent. Plaintiff cites to *Luna v. Bowen*[28] and *Praytor v. Comm'r, SSA*,[29] alleging that the ALJ's analysis failed to meet this precedent. But this is not the case.

In *Luna*, the Tenth Circuit considered a class challenge to the SSA regulations, policies, and practices as they relate to pain and evaluating disability claims. In reversing a lower court decision, the Tenth Circuit held that the term "objective" as it relates to evidence of pain, refers to "any evidence that an examining doctor can discover and substantiate."[30] This includes both physiological and psychological medical evidence. In essence, "the decision maker must consider all the evidence presented that could reasonably produce the pain alleged once a claimant demonstrates a pain-causing impairment.[31] Although not exhaustive, the court noted several factors to consider when assessing pain, these include a "claimant's daily activities, and the dosage, effectiveness, and side effects of medication."[32] This is the type of evidence the ALJ considered here including contradicting evidence that undermined Plaintiff's severity allegations. The court finds nothing in *Luna* warranting a remand.

In *Praytor*, the Tenth Circuit held the ALJ erred in discrediting a claimant's subjective complaints of severe pain on the basis that the claimant failed to undergo more aggressive treatment to help with that pain.[33] The court stated that when evaluating a claimant's subjective complaints of pain, the ALJ must determine:

> (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven

---

[28] 834 F.2d 161 (10th Cir. 1987).

[29] 750 F. App'x 723 (10th Cir. 2018).

[30] 834 F.2d at 162.

[31] *Id.* at 165.

[32] *Id.* at 166.

[33] Plaintiff argues the Tenth Circuit specifically cited the *Luna* analysis for considering pain in *Praytor*. Although applying a similar approach in considering complaints of pain like that in *Luna*, contrary to Plaintiff's representations, the *Praytor* court did not cite to nor rely on *Luna* in its decision.

impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.[34]

Once again, here the ALJ's analysis models these steps. The ALJ determined Ms. Johnson had the severe impairment of endometriosis. The ALJ then considered her statements regarding the pain and all the evidence in the record discounting her severity assertions. The ALJ also considered the effects of medications and transitioning to medical marijuana. In short there is no error.

II.  **The ALJ Properly Considered the Opinion of Ms. Johnson's Provider**

Plaintiff's last claim of error centers on the ALJ's evaluation of Ms. Johnson's provider Dr. Canfield. Because Plaintiff filed her application after March 27, 2017, the ALJ was required to follow the revised regulations for evaluating medical evidence.[35] Under these regulations, an ALJ considers medical opinions and prior administrative findings for persuasiveness. An ALJ need only explain how the factors of supportability and consistency were considered.[36]

Dr. Canfield started treating Ms. Johnson in November 2017. In an October 2021 opinion, Dr. Canfield opined that Plaintiff's "physical functioning has significant limitations that may prevent her from performing in a professional environment."[37] He explained that her pain is unlikely to resolve, that she suffers from pelvic pain, shoulder pain, hip pain, fatigue, limited mobility, and an inability to perform repetitive tasks. Plaintiff could walk 0 blocks, could sit or

---

[34] 750 F. App'x 723, 728-29.

[35] *See* 20 C.F.R. § 416.920c

[36] *See id*. § 416.920(b)(2).

[37] Tr. 321.

stand for 0 hours in an eight-hour workday, and would be absent from work more than four times a month.[38]

The ALJ found Dr. Canfield's opinion unpersuasive noting Dr. Canfield "did not draw any logical nexus between objective clinical findings and the severe degree of limitations he proposed."[39] The ALJ pointed to the lack of documented complaints from Plaintiff of hip or shoulder pain, fatigue, or limited mobility. In fact, Ms. Johnson denied fatigue while seeking care at one point.[40] The ALJ then cited the medical evidence in the record, the opinion of consultative examiner Dr. Mahmood, and the opinions of Dr. Barton and Dr. Stevens, in weighing evidence that countered the severe opinion of Dr. Canfield.

The court finds this analysis sufficient to find Dr. Canfield's opinion not persuasive. In essence Plaintiff is simply asking the court to reweigh the evidence and find Dr. Canfield's opinion the most persuasive. The fact that evidence may support a different conclusion, is not a basis to remand.[41] Thus, Plaintiff's second basis of error fails.

## CONCLUSION and ORDER

The ALJ's decision is supported by substantial evidence and legally sound. It is therefore AFFIRMED, and Plaintiff's Motion for Review of Agency Decision is DENIED.[42]

---

[38] Tr. 322-24.

[39] Tr. 19.

[40] Tr. 20.

[41] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'") (quoting *Zoltanski v. F.A.A.* 372 F.3d 1195, 1200 (10th Cir. 2004)).

[42] ECF No. 14.

DATED this 23 December 2024.

_____
Dustin B. Pead
United States Magistrate Judge